No. 25-14053-CC

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

HILARY AKIN JACOBS, et al., Appellants,

v.

CHUCK CATLIN, et al., Appellees

---

On Appeal from the United States District Court for the Northern District of Georgia No. 1:25-CV-01270-SDG

---

# MOTION TO EXPEDITE APPEAL

Dated: Goshen, New York
August 3, 2026

Respectfully submitted,

/s/Frederick C. Kelly
Frederick C. Kelly, Esq.
*Attorney for Appellants*
One Harriman Square
Goshen, NY 10924
(845) 294-7945

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with 11th Cir. Local Rules 26.1-2, Plaintiffs-Appellants certify that the following have or may have an interest in the outcome of this case or appeal:

Allen, Esq., Glen K.

Catlin, Chuck

Chachere-Compton, Esq., Sonya

Cunningham, Esq., Pearson K.

Douglas County, Georgia

Douglas County Sheriff's Office

Gray, Sheriff Matt

Grimberg, Steve (Hon.)

Jacobs, Philip Matthew

Jacobs, Hilary Akins

Jean, Mylean

Kelly, III, Esq., Frederick C.

Saxby, Esq. Jeffrey R.

Sheppard, Esq., Charles R.

Wallace, Esq., Lauren

Weaver, Michael

Wright, Melinda

Plaintiffs-Appellants further state that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

/s/Frederick C. Kelly

Frederick C. Kelly, Esq.

Counsel for Plaintiffs-Appellants

Dated: August 3, 2026

## RELIEF REQUESTED

Appellants respectfully move, pursuant to 28 U.S.C. § 1657(a) and Eleventh Circuit R. 27-1, I.O.P. 3, to expedite the oral argument and decision in this appeal. This is a First Amendment retaliation case involving flyering activity which has been protected under the First Amendment since the 1930s and 40s. *e.g. DE. 20, Appellant Brief, pp. 15-18, referencing Schneider v. State*, 308 U.S. 147 (1939) and *Martin v. City of Struthers*, 319 U.S. 141 (1943).

Between July 31, and August 1, 2026 the undersigned reached out to Appellees' counsel *via* email to determine their stance on this application. Thereafter, conversation was held with Appellees' counsel on the morning of August 3, 2026, during which Appellees could not confirm whether they would consent to, oppose, or take no position on this motion.

In any event, "good cause" will warrant the expedition of an appeal. *28 U.S.C. §1657(a)*. Persistent and continuing violation of the First Amendment places this appeal squarely within the statute for, "[G]ood cause' is shown if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

Briefing closed on March 4, 2026 with the filing of Appellant's reply.

*DE.21*. But recent events underscore the good cause to expedite here: just days ago, on July 23, 2026 the state court ruled in favor of Appellants Hilary Jacobs and Philip Jacobs, granting a demurrer and quashing the accusations, thus dismissing the state criminal proceedings actions against them. *Exhibit A, "Order Granting Defendants General Demurrer and Motion to Quash dated July 23, 2026."*

Notably, the state court order confirms a point Appellants had made below and in the briefing here: the prosecution and law enforcement officers could not meet the statutory definition of litter under the Georgia Code. As Appellants have maintained, that obvious failure is a tell-tale sign of bad faith for the reasons already briefed. (Nor did we need to await the state court ruling, for Appellees did not challenge their bad faith in the record below.)

The bad faith of Appellees may now appear in even sharper relief, and thus the First Amendment concerns even more palpable, *28 U.S.C. §1657(a)*, but for the reasons set forth below the appeal is anything but moot.

In the first place, the decision only encompassed Appellants Hilary and Philip Jacobs; it was not rendered as to Appellant Weaver. *Cf. Exhibit A above*. Recall that Appellant Weaver was never served with warrants and has been forced into reclusion owing to the threat of bad faith prosecution. *Apx. 69-70 and 92-93.*

He continues in legal limbo and thus must abide the state's sword of Damocles until relief is furnished by the federal courts.

Moreover, under Georgia state law, the prosecutors can still appeal, *GA. Code § 5-6-38*, or even re-file charges against Appellants Hilary and Philip Jacobs. *GA. Code § 17-3-3.* Said Appellants were made to run the gamut once; they should face no more continuing risks.

The recent case *First Choice Women's Resource Centers v. Davenport*, 608 U.S. __ (2026) underscores that Appellants are suffering through irreparable injury, *viz.* "An injury in fact does not arise only when a defendant causes a tangible harm to a plaintiff, like a physical injury or monetary loss. It can also arise when a defendant burdens a plaintiff 's constitutional rights." *Id.* at *11–12, *citing to TransUnion LLC v. Ramirez*, 594 U. S. 413, 425 (2021). There, the mere threat of abusive litigation by state authorities led a unanimous Court to hold that the question of constitutional injury "all but answers itself." *Id.* at *10.

By contrast, the situation here is far worse because the "sword of Damocles" has already dropped. *Cf. id.* at *15. True relief can only be supplied by this Court. It is well within precedent to furnish it, *e.g., FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) ("[A]n ongoing violation of the First Amendment constitutes an irreparable injury."); *Otto v. City of Boca*

*Raton*, 981 F.3d 854, 870 (11th Cir. 2020) ("[C]ontinued enforcement, 'for even minimal periods of time,' constitutes a *per se* irreparable injury.") (*quoting Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983)).

It is respectfully submitted that the within appeal should be expedited so that this Court can rule that abstention in the face of such manifest bad faith is error, any further prosecution should be enjoined, and Appellants should be permitted to proceed with their amended complaint.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court expedite the within appeal by holding oral argument forthwith and rendering a decision soon thereafter, or even by dispensing with oral argument altogether and simply rendering a decision forthwith.

Dated: Goshen, New York
August 3, 2026

Respectfully submitted,

/s/Frederick C. Kelly
Frederick C. Kelly, Esq.
*Attorney for Appellants*
One Harriman Square
Goshen, NY 10924
(845) 294-7945

## CERTIFICATION OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains no more than 5,200 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This motion in fact contains a total of 797 words.

This motion also complies with the typeface requirements of Fed. R. App.P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This motion has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using WordPerfect.

The electronic brief was subject to a virus scan and no virus was detected.

Dated: August 3, 2026

/s/ Frederick C. Kelly
Frederick C. Kelly, Esq.
*Attorney for Appellants*

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, a true and correct copy of the foregoing Motion to Expedite was sent to all parties by way of electronic court filing.

Dated: August 3, 2026

/s/ Frederick C. Kelly
Frederick C. Kelly, Esq.
*Attorney for Appellants*

# EXHIBIT A

FILED
JUL 23 2026
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA

STATE OF GEORGIA 1776

**IN THE STATE COURT OF DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | | | |
|---|---|---|---|
| **STATE OF GEORGIA** | : | | |
| *vs.* | : | **Case No.:** | **25SR00596 A** |
| | : | | **25SR00596-B** |
| **HILARY MICHELLE JACOBS** | : | | |
| **PHILIP MATTHEW JACOBS** | : | | |
| *Defendant* | : | | |

## ORDER GRANTING DEFENDANTS GENERAL DEMURRER AND MOTION TO QUASH

The above-styled matter came before the Court on the Defendant's General Demurrer and Motion to Quash the Accusation. The case arises from a series of incidents that occurred in early November of 2023. In response to multiple 911 calls, the Sheriff's Department discovered that the Defendants had been distributing material from their vehicle on various roads around Lithia Springs, GA. The material consisted of plastic baggies with leaflets containing written material inside. The baggies also had corn inside to weigh them down. The written material on the leaflets was described by some as antisemitic and critical of the nation's partnership with Israel. Multiple citizens found the material offensive and reported it. The Sheriff's Office investigated the incidents and charged the Defendants with multiple counts of littering in violation of OCGA § 16-7-43.

The State filed an Accusation on May 21, 2025, charging the Defendants with five counts of littering each. Arraignment was scheduled for September 30, 2025. However, counsel for the

Defendants filed an Entry of Appearance and a Waiver of Arraignment on September 29, 2025. The Defendants filed the General Demurrer seeking to have the Accusation quashed on December 18, 2025, nine days after they received discovery in the case. That discovery included a copy of the Accusation. Count 1 of that Accusation reads as follows:

> "On behalf of the people of the State of Georgia, the undersigned, as prosecuting attorney for the county and State aforesaid, does hereby charge and accuse HILARY MICHELLE JACOBS and PHILIP MATTHEW JACOBS, individually and as parties concerned in the commission of a crime, with the offense of Littering [O.C.G.A. 16-7-43], for that the said accused, in the State of Georgia and County of Douglas, on or about November 2, 2023, did unlawfully throw and/or leave litter on Wisteria Lane, Skyline Ridge Drive, Sunset Ridge Drive, Sky Crest Drive and Sky Pine Ct in Lithia Springs, Georgia, on public and private property not belonging to the accused, contrary to the laws of this State, the good order, peace and dignity thereof."
>
> (All five counts of the Accusation read exactly the same with different road names)

The Defendants argue that none of the counts set forth and explain what the State is alleging constitutes the term "litter" as defined in § 16-7-42. The statute defines it as "discarded or abandoned refuse, rubbish, junk or other waste material". However, the substance and nature of the alleged "litter" is wholly undescribed in each count of the Accusation. It does not specify if the Defendants are being charged with throwing or leaving refuse, rubbish, junk or other waste material. Furthermore, the Accusation does not describe the material and it does not describe how

or where the defendants supposedly threw or left the supposed litter. The Defendant's argue that the Accusation fails to adequately set forth the essential elements of these five alleged littering crimes in a full and adequate manner and this prosecution cannot be allowed to go forward in its present form.

An accused may challenge an accusation by general or special demurrer. "A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." State v. Corhen, 306 Ga. App. 495 (2010); Bramblett v. State, 239 Ga. 336 (1977). With respect to general demurrers, the test for determining the sufficiency of an indictment or accusation is not whether the charging instrument could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Newsome v State, 296 Ga App 490 (2009).

The State argues that the Defendant's Motion to Quash amounts to a Special Demurrer instead of a General Demurrer. Therefore, having not been filed within 10 days of arraignment and before pleading to the accusation, the State argues that the right to an Accusation perfect in form has been waived pursuant to Bramblett v. State, 239 Ga. 336 (1977). However, the State fails to recognize that the Defendant's motion goes beyond a mere claim that more specificity or information is needed. Instead, the Defendants claim that the Accusation is so deficient that it fails to apprise the Defendants of what they must be prepared to meet at trial. While Rule 31.1 of the Uniform Superior Court Rules and OCGA § 17-7-110 does require all motions and demurrers to be made and filed within 10 days after the date of arraignment, these rules, however, do not

preclude an objection to the sufficiency of an indictment or accusation at any time during trial if it is so defective that judgment upon it would be arrested. If the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial. Pullen v. State, 199 Ga. App. 881 (1991); Ross v. State, 235 Ga. App. 7 (1998).

In Ross, the defendant made an oral motion to quash one of the charges after the close of evidence in a bench trial. The court held that Ross did not except merely to the form of the accusation but asserted that the substance of the accusation was defective in that it failed to allege the essential elements of reckless driving. Therefore, the oral objection at the close of the evidence was a timely challenge to the substance of the accusation. In addressing the challenge on Ross, the Court held that the true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain but whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Ross, at 8.

This Case is similar to Ross but even more similar to the issues addressed in Newsome v. State, 296 Ga. App. 490 (2009). In that case, the defendant was charged by accusation with Criminal Trespass and Violation of a Family Violence Order. The relevant portions of the accusation charged the defendant as follows:

> Count 1 "with the offense of CRIMINAL TRESPASS - DAMAGE/INTERFERE, for that said Accused, on or about August 10, 2007, in Gwinnett County, Georgia, did unlawfully damage and interfere with the property of [the victim], in violation of OCGA § 16-7-21(a)" and

> Count 2 "with the offense of VIOLATION OF FAMILY VIOLENCE ORDER, for that said Accused, on or about August 10, 2007, in Gwinnett County, Georgia, did unlawfully violate the provisions of a family violence order, in violation of OCGA § 16-5-95" Newsome, at 490-491.

In addressing the issues in Newsome, the Court of Appeals reiterated that "the test for determining the sufficiency of an indictment or accusation is not whether the [charging instrument] could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." Id, at 491.

Although the accusation at issue in Newsome clearly charged the elements of the offense of Violation of a Family Violence Protective Order, the Court of Appeals found that it "failed to sufficiently set out the substance of the essential elements of the offense. That is, the accusation failed to specify the terms of the order and the manner in which he violated those terms." Id, at 491-492. Therefore, the Court held that the accusation did not state the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury as required in OCGA § 17-7-71(c). The court clarified that "although recitation of the statute may, in certain cases, be a sufficient, though not desirable, method of apprising a defendant of the charges against him, recitation of portions of the statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature." Id, at 492.

That is the same issue that we have in the case at hand. The Accusation at issue charges the Defendants with five counts of littering and cites the words of the related statute at issue in

each Count. However, the Accusation fails to apprise the Defendants of what the "litter" was, how they supposedly threw it or left it, or specifically where it was supposedly left or thrown. Not a single count states anything beyond a recitation of the statute. The Accusation fails to allege the charged offense with the particularity required by OCGA § 17-7-71(c). It fails to state the alleged violation so plainly that the nature of the offense charged may be easily understood. The lack of specificity prevents the Defendant from preparing an adequate defense because it doesn't specify how they supposedly violated the law or what acts constituted the violations.

This issue becomes even more important given the fact that this case involves behavior possibly protected by the First Amendment of the United States Constitution. The Defendants were engaged in distributing leaflets in baggies with corn inside them to weigh them down. The leaflets contained written information concerning various issues related to the government's partnership with Israel and other issues related to the Jewish individuals. It is material that many might find antisemitic and offensive as they did in this case. That is what prompted the initial calls to law enforcement. However, the Supreme Court of the United States has held that the First Amendment prohibits cities from banning the distribution of handbills, leaflets, circulars, and papers in the streets or from house to house. The Supreme Court recognized the freedom to distribute such information to every citizen is vital to the preservation of a free society. Schneider v. New Jersey, 308 U.S. 147 (1939); Martin v. City of Struthers, 319 U.S. 141 (1943); Statesboro Publishing Co. v. City of Sylvania, 271 Ga. 92 (1999).

The lack of specificity and information in the Accusation prevents the Defendants from being able to adequately prepare their defense in the case because they have been given no idea what they must be prepared to meet. The deficiency also prevents them from knowing if they have constitutional protection from prosecution by not specifying what acts they are being prosecuted

for. As an illustration, the First Amendment would arguably protect a person putting a weighted leaflet conveying information in a driveway. However, it might not allow that same person to throw five such leaflets in the middle of the road. One act might be prosecuted as littering and one might be constitutionally protected. That is why OCGA § 17-7-71(c) requires that the accusation must state the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury. This Accusation fails to do so and to allow this prosecution to move forward would be a significant injustice. Even if the Defendants' challenge is considered a Special Demurrer, this Court would use its discretion to allow the untimely challenge and reach the same conclusion in the interest of justice, because prosecution under this Accusation would likely be subject to an arrest of judgment. The only issue addressed in this Order is the pending Motion to Quash and the charging instrument in the case.

Accordingly, the **Defendant's General Demurrer and Motion to Quash the Accusation is GRANTED** and all five Counts of the Accusation are **QUASHED**.

**BRIAN K. FORTNER, Judge**
**State Court, Douglas Judicial Circuit**

**JUDGE'S DISTRIBUTION LIST:**

NATHANIEL L SMITH
8700 HOSPITAL DR
DOUGLASVILLE, GA 30134

CHARLES R. SHEPPARD
121 RIDGELAND WAY
ATLANTA, GA 30505

PHILLIP & HILARY JACOBS
237 KING STREET
BREMEN, GA 30110

Mailed & emailed 7/23