No. 25-14053-CC

# In the
# United States Court of Appeals
# for the Eleventh Circuit

Hillary Jacobs, *et al.*
*Plaintiffs-Appellants,*
*v.*

Chuck Caitlin, *et al.*
*Defendants-Appellees.*

On Appeal from the United States District Court for the Northern District of Georgia, Atlanta Division
Case No. 1:25-cv-01270-SDG

## APPELLEES' RESPONSE TO APPELLANTS' MOTION FOR EXPEDITED APPEAL


Pearson K. Cunningham 391024
Jeffery R. Saxby 623423
Veronica M. Skelton 573554

Hall Booth Smith, P.C.
191 Peachtree St., NE, Ste. 2900
Atlanta, Georgia 30303
(404) 954-5000
pcunningham@hallboothsmith.com

*Counsel for Defendants-Appellees*

## INTRODUCTION AND BACKGROUND

This is a Section 1983 case under the First and Fourth Amendments challenging an arrest and subsequent prosecution for misdemeanor littering charges. See App'x. at 8. Appellees, Deputy sheriffs in Douglas County, Georgia, charged Appellants Michael Weaver and Phillip and Hillary Jacobs for littering in violation of O.C.G.A. § 16-7-43. App'x at 39–53. The Douglas County Solicitor later brought a criminal prosecution against the Jacobses by way of criminal accusations following their arrests. App'x at 94–109. Although Weaver has evaded arrest on his warrants, they all sued to enjoin the prosecution, declare their charges invalid under the First Amendment, and recover damages. App'x. at 8, 17–18.

In November 2025, the district court abstained from exercising jurisdiction over the claims for injunctive and declaratory relief under *Younger v. Harris*, 401 U.S. 37 (1971), and it stayed the damages claims during the pendency of the prosecution, *see Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). App'x. at 144. Although Appellants have often sought to inject the merits of their First Amendment challenge directly into this appeal, the only issue that is properly before the Court is whether the district court correctly abstained under *Younger*. After all, whether to stay the federal case pending resolution of the state criminal proceedings was all the district court decided below. App'x. at 144. The district court did not

reach the merits of the First Amendment claim—electing instead to abstain. App'x. at 144.

The appeal has been fully briefed since early March 2026. *See* Doc. 18. Yet, Appellants now claim the Court should expedite consideration because the state trial court recently granted the Jacobses' motion to dismiss the accusations and quashed them on July 21, 2026. Doc. 27 at 5. According to them, they find themselves now in a "legal limbo," caught between the State's potential appeal from the dismissal order and the potential that the State could refile the charges against them up through mid-January 2027, when the statute of limitations fully expires.[1] For several reasons, this Court should deny the motion.

*First*, Appellants have been dilatory in requesting that the appeal be expedited. The criminal proceeding has been pending since at least May 2025; this appeal, since November 2025; and the briefing has been closed since March 2026. The July 21 dismissal order does not change the calculus for urgency. If anything, the fact that a trial is no longer imminent makes this appeal less urgent.

---

[1] *See* O.C.G.A. § 17-3-1(e) (two-year limitations period for misdemeanors); *see also* O.C.G.A. § 17-3-3 (providing six-month savings period from time initial indictment is quashed, provided that initial indictment was filed within original limitations period); *State v. Walker*, 367 Ga. App. 365, 366 n.3 (2023) (explaining O.C.G.A. § 17-3-3 "applies to accusations as well as indictments").

*Second*, and to that end, if the State does appeal from the dismissal order, then the basis for *Younger* abstention still exists and there is nothing to expedite—just as Appellants found no cause to expedite the appeal prior to the state court's July 21 dismissal order when the criminal trial was more imminent. This appeal and the State's appeal in the criminal proceeding can simply run their ordinary courses.

*Third*, if the State ultimately forgoes an appeal, then the Appellants' own appeal of the district court's abstention order is likely moot. There would no longer be a pending prosecution, and thus, no basis for a stay to remain. Accordingly, even if the district court had erred in abstaining, vacatur and remand would be more appropriate—not expedited consideration of whether the district court previously erred in abstaining.

Regardless of whether the State elects to appeal or not, good cause does not exist to expedite consideration. If anything, there is a substantial likelihood this appeal may be moot in a few weeks.

## ARGUMENT

### I. Appellants have been dilatory in seeking expedited consideration.

An appeal may only be expedited "upon motion and for good cause shown." 11th Cir. R. 27-1 IOP-3; *see also* 28 U.S.C. § 1657(a) ("[E]ach court of the United States . . . shall expedite the

consideration of . . . any . . . action if good cause therefor is shown.”). Good cause is shown where “a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.” 28 U.S.C. § 1657(a). Even in circumstances where good cause exists, however, parties may forfeit their right to expedited review where they have been dilatory.

In *Morland v. Sprecher*, 443 U.S. 709, 711 (1979) (per curiam), the Supreme Court confirmed this point. Whatever “right to expedition” that the First Amendment may have afforded the appellants there, that right had been forfeited by the appellants’ own delay in seeking to expedite the appeal. So too here. Just as the appellants in *Morland* were dilatory, Appellants have been dilatory here. The delay in *Morland* was three months; here, it has been nine months since the appeal was docketed.

Appellants may argue that the circumstances changed with the dismissal order. But the fact the prosecution was dismissed and a trial is no longer imminent provides less of a basis to expedite—not a stronger case for expediting.

## II. If the State appeals, *Younger* abstention remains appropriate and there is no cause to expedite.

The State, through the Douglas County Solicitor, has the right to seek review of the state court’s July 21 dismissal order.

O.C.G.A. § 5-7-1(a)(1) (appeal may be taken from "an order . . . dismissing any . . . accusation"). If the State elects to appeal, it must file its notice of appeal within 30 days of the order: that is, by August 20, 2026. *See* O.C.G.A. § 5-6-38(a). Assuming the State appeals, *Younger* abstention would still be appropriate and there is no cause to expedite this appeal.

As the Supreme Court has held, *Younger* abstention is still appropriate—if not more appropriate—when the state court proceeding is on direct appeal. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). "Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial." *Id.* This Court has confirmed as much. *See Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022).

Appellants cannot possibly claim that immediate resolution is warranted more so now, should the State appeal the dismissal, than it was *before* the dismissal order was entered. Again, if Appellants did not believe expediency was necessary while the criminal trial was imminent, they cannot possibly believe expediency is necessary now simply because the charges have been dismissed and a trial is even less imminent. Both appeals can simply run their ordinary courses.

### III. If the State foregoes an appeal, then this appeal is likely moot.

Finally, should the State elect not to appeal by the August 20 deadline, then this appeal is likely moot. At that point there will no longer be a pending criminal prosecution, and thus no basis for the stay to remain in place. Whether the district court correctly abstained under *Younger* is therefore a moot point that no longer needs to be addressed. Accordingly, the appropriate remedy would not be expediting the appeal but vacating the district court's order and remanding for further proceedings.

That Appellants *fear* the State may elect to re-file the accusations up until mid-January 2027 is not something this Court should address in the first instance. If that occurs, the district court can evaluate the propriety of a further stay of the federal proceedings should that circumstance actually materialize. Indeed, if the State delays such a decision too long, then the district court may well conclude that the federal proceeding has progressed too far to warrant a stay under *Younger*.[2]

* * *

Appellants have not shown good cause exists to expedite this appeal. Moreover, even if Appellants could demonstrate that good

---

[2] To be sure, Appellees are not advocating for vacatur and remand—at least not at this point. As noted above, if the State ultimately appeals then *Younger* abstention remains appropriate.

cause existed, they should be denied the relief they seek because of their dilatory conduct.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request this Court DENY Appellants' Motion to Expedite Appeal.

Respectfully submitted this 13th of August 2026.

HALL BOOTH SMITH, P.C.

*/s/ Pearson K. Cunningham*
Pearson K. Cunningham
Georgia Bar No. 391024
Jeffery Randolph Saxby
Georgia Bar No. 623423
Veronica M. Skelton
Georgia Bar No. 573554
*Attorneys for Defendants-Appellees*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
jsaxby@hallboothsmith.com
pcunningham@hallboothsmith.com
vskelton@hallboothsmith.com

## CERTIFICATE OF COMPLIANCE

In compliance with Federal Rule of Appellate Procedure 27(d)(2) the undersigned counsel hereby certifies the following:

(1) This motion complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1402 words, excluding those parts exempted by Fed. App. P. 32(f).

(2) This motion complies with the typeface requirements of Fed. R. App. P. 32(A)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 with size 14 point, Century Schoolbook style.

August 13, 2026.

/s/*Pearson K. Cunningham*
Pearson K. Cunningham
Georgia Bar No. 391024

## CERTIFICATE OF SERVICE

The undersigned further certifithat I filed a copy of the foregoing **Appellees' Response to Appellants' Motion for Expedited Appeal** with the Court's CM/ECF system. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

August 13, 2026.

/s/*Pearson K. Cunningham*
Pearson K. Cunningham
Georgia Bar No. 391024